```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ROBERTO MANGUAL,                                                       :
                                                                       :
                              Plaintiff,                               :
                                                                       :
              -v-                                                      :    16-CV-5397 (JPC)
                                                                       :
CENTURY FIRST CREDIT SOLUTIONS,                                        :    ORDER OF DISMISSAL
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020

JOHN P. CRONAN, United States District Judge:

The Defendant advised the Court in a letter dated September 26, 2019 that this matter had settled, attaching a purported settlement agreement and a copy of a settlement check made out to the Plaintiff and dated September 8, 2017, as well as stipulation of dismissal signed by the Defendant but not signed by the Plaintiff (Dkt. 19). The attached settlement agreement, which appears to have been signed by the Plaintiff on August 3, 2017, contains a release from liability in connection with this case.

Given the signed settlement agreement and release language, the Court understand that this case settled in August 2017. Accordingly, it is ORDERED that this action is hereby DISMISSED and discontinued without costs, and without prejudice to the right to reopen the action within thirty days of the date of this Order. Any application to reopen must be filed by the aforementioned deadline, and any application to reopen filed thereafter may be denied solely on that basis. If the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court by the deadline to reopen to be "so ordered" by the Court. Per 3.G of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement

agreement unless it is made part of the public record.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 21, 2020
      New York, New York

                                             JOHN P. CRONAN
                                    United States District Judge